UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AGNE DE LA TORRE, on behalf
of herself and others similarly
situated,

        Plaintiffs          CASE NO. 1:25-cv-20654-JAL

      v.

3637 CORP INC. d/b/a CANDIES
CABARET,

      Defendants.
_____/

## PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

COMES NOW, the Plaintiff, Agne De La Torre ("Plaintiff De La Torre"), by and through the undersigned counsel, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to enter a default judgment against Defendant, 3637 Corp. Inc. d/b/a Candies Cabaret, a Florida Profit Corporation, and in support states as follows:

### PROCEDURAL HISTORY

1. On February 13, 2025, Plaintiff filed this instant case alleging violations of the Fair Labor Standards Act ("FLSA") and Florida Constitution, Art. X, Sec. 24 against the Defendants, 3637 Corp. Inc., d/b/a Candies Cabaret ("Candies Cabaret") and James D. Fulford ("Fulford"), President of 3637 Corp. Inc.

2. On May 9, 2025, Plaintiff filed a Motion for Enlargement of Time to Perfect Service Against the Defendants, Candies Cabaret and Fulford. [ECF No. 14].

3. On May 12, 2025, this Court entered an Order Granting Plaintiff's Motion for Extension of Time and directing Plaintiff to perfect service against Defendants by July 14, 2025. [ECF No. 15].

4. On June 16, 2025, Plaintiff's counsel filed an Affidavit of Compliance for Substitute Service against Defendant Candies Cabaret, pursuant to Florida Statutes Sections 48.161, 48.171, and 48.18, through the Florida Department of State. [ECF No. 18]. The Secretary of State accepted service for Defendant, 3637 Corp Inc. d/b/a Candies Cabaret on May 28, 2025. *Id.* Plaintiff's counsel mailed by certified mail a copy of the Complaint, Original Summons, and Alias Summons to Defendant 3637 Corp Inc. d/b/a Candies Cabaret on June 4, 2025. *Id.*

5. On July 2, 2025, Plaintiff unable to perfect service against Defendant Fulford and unable to locate any other address associated with the Defendant in which to perfect service, filed its Notice of Voluntary Dismissal without Prejudice. [ECF No. 19].

6. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, and in accordance with Eleventh Circuit precedent, Defendant Candies Cabaret was required to file, through counsel, a pleading in response to the Complaint

within twenty-one (21) days of being served with the Complaint. As a result Defendant Candies Cabaret's Answer to the Complaint was due on or before June 25, 2025.

7.     As confirmed by the affidavits of service and by the Court docket, Defendant Candies Cabaret did not file a response to the Complaint, and, therefore, failed to plead or otherwise defend this case as provided by the Federal Rules of Civil Procedure.

8.     On July 23, 2025, Plaintiff moved for the entry of a Clerk's Default against Defendant Candies Cabaret for failure to file any responsive pleading or otherwise defend this action after Plaintiff had perfected service against said Defendant through the Florida Secretary of State. [ECF No. 20].

9.     On July 23, 2025, the Clerk of Court for the Southern District of Florida entered a Default against Defendant 3637 Corp. Inc. d/b/a Candies Cabaret. [ECF No. 21].

## ARGUMENT AND CITATION TO AUTHORITY

**(a)   Putative Class**

When Plaintiffs filed their Complaint against Defendants, Plaintiff Agne De La Torre was the only named plaintiff in the case. *See* [ECF No. 1]. However, from the start of this action through today's date, no other individuals have opted into this action. In addition, Plaintiffs have not moved for conditional certification of this case as a collective action under the Fair

Labor Standards Act ("FLSA"). Accordingly, Plaintiff De La Torre has been the only named plaintiff in this case to date, and based on the case law discussed below, it is proper for Plaintiff De La Torre to move this Court to enter a default judgment in her favor against Defendant 3637 Corp Inc. d/b/a Candies Cabaret.

This Court has authority to enter default judgment against the Defendant and for the named Plaintiff in cases stylized as FLSA collective actions where no individuals opted into the case. *See Ramirez v. Raptor Tech. Grp., Inc.*, No. 5:12-cv-100-0c-34TBS, 2012 U.S. Dist. LEXIS 91830, 2012 WL 2589256, at *1, n.1 (M.D. Fla. June 8, 2012) *(*granting default judgment in FLSA action where plaintiff filed her complaint "on her own behalf and on behalf of those similarly situated" but no individuals opted into the action), report and recommendation adopted by 2012 U.S. Dist. LEXIS 91828, 2012 WL 2586220 (July 3, 2012); *see also Pasteur v. Arc One Protective Servs. LLC*, No. 6:23-cv-1479-CEM-DCI, 2024 U.S. Dist. LEXIS 128985, at *7-8 (M.D. Fla. July 22, 2024).

While default judgment "is a drastic remedy which should be used only in extreme situations[.]" *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018), there are no ambiguities in the present matter that warrant the Court to deny an entry of default judgment for Plaintiff De La Torre against Defendant. As of today's date, no individuals have opted into this action, and

Plaintiff De La Torre is not seeking default judgment both for herself and for opt in plaintiffs. *See Ramirez*, 2012 U.S. Dist. LEXIS 91830 (M.D. Fla. June 8, 2012).

### (b) Basis for Default Judgment

Plaintiff's Complaint sets forth valid claims against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. and Florida Constitution Art. X, Sec. 24 and, as a result of Defendant's failure to pay Plaintiff the minimum wage as required by Federal and Florida law. Plaintiff seeks unpaid wages, including "kick-backs," liquidated damages, and reasonable attorneys' fees and costs.

Plaintiff De La Torre is the only party plaintiff in this action, and she seeks damages in the following amounts:

(1) $14,283.00 in Unpaid minimum wage

(2) $9,030.00 in Tip-outs and/or illegal "kick backs"

(3) An equal amount in liquidated damages

Plaintiff De La Torre's claims are supported by evidence, including a Declaration detailing the hours worked, the wages owed, and the amount of tip-out and "kick backs" she was forced to surrender during the period of time she worked for the Defendant. *See* Ex. A, De La Torre Decl., generally.

**(c)   Damages**

With the Clerk's Entry of Default entered against Defendant Candies Cabaret on July 23, 2025, Plaintiff De La Torre is the prevailing party in this litigation. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007). Plaintiff De La Torre seeks judgment against the Defendant in the total amount of $46,626.00 as detailed in the attached Declarations.

Furthermore, a prevailing FLSA plaintiff is generally entitled to an award of costs and reasonable attorneys' fees. 29 U.S.C. § 216(b); Fed. R. Civ. P. 54(d). Likewise, a prevailing plaintiff under the Florida Constitution Art. X, Sec. 24(e) is generally entitled to an award of costs and reasonable attorneys' fees. Beginning with reasonable attorneys' fees, as the fee applicant, a prevailing plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Am. Civ. Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (internal quotations and citation omitted). To meet that burden, a prevailing plaintiff must "submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). More specifically, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman v. Hous. Auth. Of City of Montogomery*, 836 F.2d

1292, 1303 (11th Cir. 1988) (citing *Hensley*, 461 U.S. at 437 n.12). A fee award must be reasonable and must fall within the guidelines for fee awards promulgated by the Eleventh Circuit. *Id.* at 1299-1302. The district court has discretion in determining the amount of a fee award. *Blum v. Stenson*, 465 U.S. 886, 902 n.19 (1984).

Here, Plaintiff De La Torre seeks an award of $7,700.00 for reasonable attorney's fees. In support, Plaintiff De La Torre submits a declaration from Plaintiff's counsel, as well as an itemized breakdown of Plaintiff's counsel's expended hours and billable rate attached hereto, further demonstrating the reasonable of said attorney's fees. *See* Ex. B, Decl. of Damages, generally; *see also Norman*, 836 F.2d at 1303 ("It is perfectly proper to award attorney's fees based solely on affidavits in the record.") (citations omitted). Counsel for the Plaintiff is requesting an hourly rate of $350 per hour for attorney time. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Counsel for Plaintiff has been a member in good standing of the Florida Bar since 2015 and has been practicing employment law exclusively for over three years, including hundreds of claims under the Fair Labor Standards Act and the Florida

Minimum Wage Act. *See Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1147 (M.D. Fla. 2005) (approving an hourly rate of $350/hr. for lead counsel).

Regarding costs, a prevailing party can recover only those costs specifically enumerated in 28 U.S.C. § 1920. *Arlington Cent. Sch. Bd. Of Educ. v. Murphy*, 548 U.S. 291, 301 (2006). Section 1920 provides: A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplifications and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; and
> (6) Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(l)-(6).

Here, Plaintiff De La Torre requests an award of $603.00 in costs. In support, Plaintiff's counsel's declaration affirms these costs, and further, includes an itemized breakdown of said costs attached thereto. *See* Ex. B, Decl. of Damages, pg. 6. As the costs incurred in this case fall within the categories of costs enumerated in Section 1920, this Honorable Court should award said costs to Plaintiff De la Torre. *See* 28 U.S.C. § 1920(1)-(6).

Plaintiff De La Torre also seeks an award of prejudgment interest, post-judgment interest, and any other relief the Court deems just and proper.

Respectfully submitted this 22nd day of August.

                                           s/ Ryan J. Glover
                                           Ryan J. Glover, Esq.
                                           FBN: 0118226
                                           Carlos V. Leach, Esquire
                                           FBN: 540021
                                           THE LEACH FIRM, P.A.
                                           1560 N. Orange Ave., Suite 600
                                           Winter Park, FL 32789
                                           Telephone: (407) 574-4999
                                           Facsimile: (833) 813-7513
                                           Email: rglover@theleachfirm.com
                                           Email: cleach@theleachfirm.com

                                           Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 22nd day of August, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, and via U.S. Mail to Defendants.

                                           s/ Ryan J. Glover
                                           Ryan J. Glover, Esq.